**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**JOSEPH NATHAN LANCE HENSON,**                                **PLAINTIFF**
**ADC #147877**

**V.**                    **CASE NO. 1:16-CV-50-BRW-BD**

**ROBERT REICHARD, et al.**                                        **DEFENDANTS**

**RECOMMENDED DISPOSITION**

I. **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

II. **Background**

On May 12, 2016, Joseph Nathan Lance Henson, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit pro se under 42 U.S.C. § 1983. (Docket entry #2) In his Complaint and Amended Complaint, Mr. Henson alleges that Defendants acted with deliberate indifference to his serious medical needs. Specifically, he complains that he was not provided adequate medical treatment for genital warts.

Mr. Henson originally named Robert Reichard, Brenda Bridgeman, Billy Cowell, Shelia Armstrong, and Toni Bradley as Defendants. He later moved to dismiss his claims against Defendants Cowell, Armstrong, and Bradley, which the Court granted. (#5, #6)

Defendants Reichard and Bridgeman have now moved for summary judgment, contending that Mr. Henson did not fully exhaust his administrative remedies against them before filing this lawsuit. (#12) Although Mr. Henson was granted additional time to respond to the Defendants' motion, he has not responded, and the extended deadline has passed. (#18) In the light of Mr. Henson's failure to respond to their Statement of Uncontested Facts (#14), Defendants also request that their Statement of Uncontested Facts be deemed admitted. (#19)

### III.  Discussion

The Prison Litigation Reform Act ("PLRA") requires federal courts to dismiss all claims that were not fully exhausted before suit was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory"). Neither the inmate's subjective beliefs about the effectiveness of the grievance process nor his confusion about the process can excuse the exhaustion requirement. *Chelette v. Harris*, 229 F.3d 684, 688

(8th Cir. 2000).

In support of their motion, Defendants offer the declaration of Shelly Byers, the ADC inmate medical grievance supervisor. (#14-2) According to Ms. Byers, Mr. Henson submitted only one *formal* grievance between May 11, 2013, and May 13, 2016: grievance SAT-16-00002. (#14 at p.1) In that grievance Mr. Henson complained about an ingrown toenail.[1] He did not refer to either Defendant Reichard or Bridgeman in that grievance; nor did he complain about a failure to provide adequate treatment for genital warts.

Mr. Henson attached several grievance papers to his original Complaint. (#2 at pp.6-8) In a *unit level* grievance dated May 3, 2016 (#2 at p.6), Mr. Henson complained that Defendant Reichard had failed to adequately treat his genital warts. (*Id.*) On May 9, 2016, Mr. Henson received a response to his initial grievance form. The response indicated that Defendant Reichard had examined Mr. Henson on May 3, 2016, and noted no active lesions. (*Id.*) Three days later, Mr. Henson filed this lawsuit.

Based on this undisputed evidence, Mr. Henson did not file a formal grievance complaining of lack of treatment for genital warts prior to filing this lawsuit. For that reason, his claims must be dismissed, without prejudice.

## IV.  Conclusion

The Court recommends that the Defendants' motion for summary judgment (#12)

---

[1] Grievance SAT-16-00002 was found to be "with merit but resolved." (#14-3 at p.3)

be GRANTED.  Mr. Henson's claims should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

DATED this 16th day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE